## Case No. 4,390.

ELLIOT v. VAN VOORST et al.

[3 Wall. Jr. 299; [1] 18 Leg. Int. 396.]

Circuit Court, D. New Jersey. Oct. 30, 1860.

---

[1] [Reported by John William Wallace, Esq., and here reprinted by permission.]

GRIER, Circuit Justice. It is undoubtedly true that no action can be sustained against the government of the United States for any supposed debt or claim unless by its own consent, or some special statute allowing it. [Reeside v. Walker] 11 How. [52 U. S.] 290. The sovereign himself being the source of justice and power, exercising the same through his courts, is always presumed to be ready to do justice. It is, therefore, part of his prerogative, that he cannot be sued in his own courts. Nevertheless, the subject was entitled, when he claims anything from the crown, to have his "petition of right." Upon such petition the crown ordinarily directs that right be done to the party; and the petition is then referred to the chancellor to be executed according to law, and directions are given that the attorney general be made a party to the suit. In other cases where the crown is not in possession, and its rights are only incidentally concerned, it is generally considered that the attorney general may be made a party in respect of these rights, and the practice has been accordingly. In the United States the proceeding by petition of right is unknown. The government of the United States, though limited in its powers, is supreme in its sphere of action. But its rights as a sovereign, and its prerogatives as such, are co-extensive with the functions of government committed to them, and extend no farther. Its position as to prerogative is anomalous, owing to our peculiar institutions.

It is part of the functions committed to

this government to build forts, arsenals, navy yards, &c., &c. It may purchase and hold land for these purposes, yet it cannot exercise exclusive legislation over such lands, although used for national purposes, without the consent of the legislature of the state where the land lies. A state has no power by taxation or otherwise, to retard, impede, burthen or control the operation of the constitutional laws passed by congress to carry into effect powers vested in the national government. Hence she may not have power to tax navy yards, or other property of the United States held within its bounds for public or national uses. But it does not follow that when the government officers purchase land in the name of the United States to secure a debt, as any individual or private corporation might do, that it thus ousts the jurisdiction of the state to tax it, or in any manner affects the liens or rights of mortgagees in such lands. In the mere exercise of a corporate right, the government of the United States cannot claim the prerogatives or immunities of a sovereign. She cannot compel a mortgagee to the hopeless remedy of a petition to congress to redeem. The courts of New Jersey cannot thus be ousted of their jurisdiction and duty to assist the mortgagee to have his mortgage satisfied, and the mortgaged premises sold for that purpose. When the government, in the exercise of the rights and functions of a civil corporation, purchases lands to secure a debt, the accident of its sovereignty in other functions cannot be set up to destroy or affect the rights of persons claiming a title or lien on the same lands. Thus, when the government of the United States became a partner in a trading corporation, such as the United States Bank, it divested itself, so far as concerned the transactions of that company, of its sovereign character, and took that of a citizen; consequently, its property and interests were subject to the decrees and judgments of courts, equally with that of its copartners.

When Van Voorst came into the court of chancery, he had a clear right to have the mortgaged lands sold to satisfy his mortgage. The court was bound to furnish him a remedy. The land mortgaged was within the jurisdiction of the court. The only difficulty in the case was, that the title of the mortgagor, who should be made a party to the proceeding and have an opportunity to show that lien was paid or discharged, was vested in the United States, quoad hoc, a foreign corporation, and not within the jurisdiction of the court. It could not be compelled to appear or submit itself to such jurisdiction, so neither could any nonresident individual or corporation. The usual way to warn such absent parties is by advertisement. When such absentee does not choose to come in voluntarily and appear and make defence, he is made a party without his knowledge or consent. The jurisdiction of the court over the land decreed to be sold, is sufficient to justify the decree and validate the sale, as regards the property sold, but no decree could be made against the person not within the jurisdiction, that could bind him or be regarded as valid in another tribunal. In this case the court of chancery of New Jersey had jurisdiction over the thing or land mortgaged; it could not compel the United States government to appear and submit itself to the judgment, or render any judgment that it should pay money; but it can prescribe what notice should be given to the mortgagor or owner of the equity of redemption, and how it should be given. In analogy to the proceedings in the court of chancery in England, it was ordered that the subpoena be served on the representative of the government, who, quoad hoc, might be treated as the attorney general. The attorney appeared and answered on behalf of the government. The presumption is that he was duly authorized so to do. Through him the government had notice, and might redeem if it saw fit. The decree demanded nothing of the United States. It is only for a sale of the mortgaged premises, to satisfy a legal lien. After thus refusing to redeem, after full notice, the government ought to be estopped. Its vendee, with full notice of this judicial sale, has no equity—nor should he now be allowed to wrong bonâ fide purchasers under the cover of the sovereign prerogatives of the United States.

I am of opinion, therefore, that the court of chancery of New Jersey had jurisdiction to effect a sale of these mortgaged premises, in satisfaction of the lien; that its decree and the sale under it, are not void for want of jurisdiction—and that their regularity cannot be called in question in a collateral suit. If irregular and erroneous the decree might have been set aside on writ of error. Grignon v. Astor, 2 How. [43 U. S.] 319; Griffith v. Bogart, 18 How. [59 U. S.] 164.

It may be said there is no precedent in this country for precisely such a case as that before the chancellor. The answer to this may properly be, "It is time there was one."

Bill dismissed, with costs.